**UNITED STATES DISTRICT COURT**
**DISTRICT OF WASHINGTON**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **YULIA CHEREPENNIKOVA, individually and on behalf of all others similarly situated**<br><br>Plaintiffs,<br><br>vs.<br><br>**THE KROGER CO. and FRED MEYER STORES, INC. D/B/A QUALITY FOOD CENTERS (a subsidiary of THE KROGER CO.),**<br><br>Defendants. | ) | Case No.: 2:26-cv-00724-RSM<br><br>**Plaintiff's Amended Collective and Class Action Complaint**<br><br>Jury Trial Demanded |

## SUMMARY

1. Like many other grocery stores across the United States, The Kroger Co. and its subsidiaries, including Fred Meyer Stores, Inc. d/b/a Quality Food Centers, (hereinafter all Defendants are referred to together as "Kroger") have seen an increase in customers utilizing web-based, e-commerce platforms to make their grocery purchases.

2. As such, Kroger employs workers to help fill the e-commerce orders received from customers through its website or software application.



**Morgan & Morgan, P.A.**
**506 2nd Ave Suite 1513**
**Seattle, Washington 98104**

3. One such position is an "e-commerce manager," which Kroger classifies as exempt and pays a salary with no additional overtime premium compensation for hours worked in excess of 40 in a workweek.

4. Plaintiff worked for Kroger (either directly or through its subsidiaries) as an e-commerce manager.

5. Plaintiff regularly and routinely worked more than 40 hours per workweek for Defendants but was not paid overtime premium compensation.

6. Kroger misclassifies the e-commerce position as exempt from the overtime pay requirements of the Fair Labor Standards Act ("FLSA") and Washington state wage and hour laws.

7. E-commerce managers like Plaintiff are not involved in hiring or firing employees of Kroger, nor are their recommendations as to hiring, firing, advancement, promotion or other status change of an employee given particular weight, and as such, cannot be exempt under the FLSA.

8. The primary duties of Plaintiff and other e-commerce managers are production: to fill orders received from customers on Kroger's e-commerce website platform and prepare those orders for customers, which are non-exempt duties.

9. As a result of this misclassification, Plaintiff and other e-commerce managers in each of the Kroger stores have not been paid overtime premium compensation for the overtime hours worked by them, in violation of the FLSA, 29 U.S.C. §§ 201 *et seq.* and Washington wage and hour laws.

10. Plaintiff brings this lawsuit to recover these unpaid overtime wages and other damages owed by Kroger to her and other e-commerce managers who worked for Kroger in its Washington stores.

11. This action seeks to recover the unpaid wages and other damages owed by Kroger to all these workers, along with the penalties, interest, and other remedies provided by federal and Washington law.

12. Plaintiff brings this action as a collective action pursuant to the FLSA on behalf of herself and other similarly situated workers who worked for Defendants in Washington and who suffered damages as a result of Defendants' FLSA violations ("Washington Collective").

13. Plaintiff also brings Rule 23 class action claims on behalf of herself and other similarly situated workers who worked for Defendants in Washington and who suffered damages as a result of Defendants' Washington state wage and hour law violations ("Washington Class").

**JURISDICTION & VENUE**

14. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

15. This Court has supplemental jurisdiction over the Washington state law claims pursuant to 28 U.S.C. § 1367 and the claims form part of the same case or controversy.

16. This Court has jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). Upon information and belief, there at least 100 putative class members; Plaintiff and other class members are citizens of states which are different that Defendants; and the aggregate amount in controversy exceeds $5 million.

17. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

18. This Court has personal jurisdiction over Defendants because the claims accrued in this District based on acts/omissions committed by Defendants in this District.

**PARTIES**

19. Plaintiff is a natural person and adult individual over the age of 18.

20. Plaintiff worked for Kroger in Washington as an e-commerce manager from approximately February 2022 to October 2024.

21. Plaintiff was, at all relevant times, an employee of Kroger.

22. As an e-commerce manager, Plaintiff typically worked approximately 50 to 60 hours per week on average.

23. Plaintiff was not paid any overtime premium wages for hours worked in excess of 40 hours per week for Defendants' benefit.

24. Plaintiff worked as a salaried "e-commerce manager" and was not paid any overtime premium wages when she worked more than 40 hours during workweeks.

25. Even though Plaintiff and other "e-commerce managers" were ostensibly "supervisors", her/their primary job duties were non-exempt and overtime pay eligible duties.

26. Plaintiff seeks to represent a collective of similarly situated workers under the FLSA pursuant to 29 U.S.C. § 216(b). This "Washington Collective" is defined as:

> **All current or former salaried e-commerce managers (however variously titled) who worked for The Kroger Co. and/or any of The Kroger Co.'s subsidiaries (including Fred Meyer Stores, Inc. d/b/a Quality Food Centers) throughout the state of Washington, at any time from three years prior to the filing of this Complaint until the present.**

27. Plaintiff seeks to represent a class of similarly situated workers under Washington state law pursuant to Federal Rule of Civil Procedure 23. The "Washington Class" is defined as:

> **All current or former salaried e-commerce managers (however variously titled) who worked for The Kroger Co. and/or any of The Kroger Co.'s subsidiaries (including Fred Meyer Stores, Inc. d/b/a Quality Food Centers) throughout the state of Washington, at any time from three years prior to the filing of this Complaint until the present.**

28. Throughout this Complaint, the Washington Collective members and Rule 23 Washington Class members are also referred to as the "Similarly Situated Workers."

29. Defendant The Kroger Co. operates grocery stores throughout the United States including in the state of Washington.

30. The Kroger Co. has multiple subsidiaries including Baker's; City Market; Dillons; Food 4 Less; Foods Co; Fred Meyer; Fry's; Gerbes; Jay C Food Store; King Soopers; Mariano's; Metro Market; Pay-Less Super Markets; Pick'n Save; QFC; Ralphs; Ruler; and Smith's Food and Drug. https://www.kroger.com/i/kroger-family-of-companies (last visited February 19, 2026).

31. Defendants are Ohio Corporations.[1]

## COVERAGE UNDER THE FLSA

32. At all relevant times and as set forth above, Defendants were the employer or joint employers of Plaintiff and Washington Collective members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

33. Defendants were and are part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

34. At all relevant times and as set forth above, Defendants were the employers or joint employers of Plaintiff and the Washington Class members within the meaning of Washington law.

35. During at least the last three years, Defendants have had gross annual sales in excess of $500,000.

36. Defendants are part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

---

[1] Plaintiff reserves the right to amend the complaint and add additional The Kroger Co. subsidiaries who employ e-commerce managers in Washington.

37. Defendants employ many workers, including Plaintiff, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

38. The goods and materials handled, sold, or otherwise worked on by Plaintiff and other Defendants' employees and that have been moved in interstate commerce include, but are not limited to, food, drink, grocery supplies, office supplies, computers, telephones, prescription and non-prescription medical supplies and equipment, and pharmaceuticals.

39. The activities performed by Plaintiff and other of Defendants' employees were in connection with the operation of Defendants' stores. 29 U.S.C. § 203®(2)(A).

**FACTS COMMON TO ALL CLAIMS**

40. Kroger and its subsidiaries operate numerous grocery stores throughout the United States of America.

41. Many of Kroger's employees are non-exempt workers.

42. However, Kroger employs some workers which it classifies as salary exempt under the FLSA and state law.

43. One such position is the e-commerce manager, which Kroger internally classifies as exempt under the FLSA's and Washington state law's executive exemption. *See* 29 C.F.R. 541.100 (outlining FLSA Executive Exemption elements); *see also* Wash. Admin. Code 296-128-510 (outlining Washington state Executive Exemption elements)

44. Plaintiff and other e-commerce managers cannot be exempt under this exemption because their primary duties are non-exempt tasks. Thus, Defendants cannot prove that Plaintiff and other e-commerce managers' primary duty is management work, and these workers are not involved in hiring or firing employees of Kroger, nor are their recommendations as to the hiring, firing, advancement, promotion or other change in status of an employee given particular weight.

45. As such, Kroger has misclassified Plaintiff and other e-commerce managers as exempt under the FLSA and Washington law, and has failed to pay these workers wages or overtime compensation for overtime hours worked.

46. During her employment as an e-commerce manager, Plaintiff typically worked far in excess of 40 hours per week each workweek.

47. During the weeks that Plaintiff worked in excess of 40 hours as an e-commerce manager, she was not paid overtime premium compensation.

48. Kroger's e-commerce managers are expected to and do work more than 40 hours per week.

49. Kroger's e-commerce managers often work more than 40 hours per week.

50. Kroger has also failed to track the accurate hours worked by Plaintiff and other e-commerce managers in violation of the FLSA and Washington law.

51. Upon information and belief, Kroger did not conduct any audit, analysis, or study to assess whether Plaintiff and other e-commerce managers are correctly classified as exempt from overtime compensation.

52. Upon information and belief, Kroger also failed to inquire and ensure that the primary duties of Plaintiff and other e-commerce managers were exempt job duties like management.

53. Kroger classifies Plaintiff and other e-commerce managers as exempt pursuant to a corporate policy and/or practice to limit labor costs.

54. Kroger has a practice to limit labor costs and overtime expenses relating to hourly-paid employees in its stores.

55. Kroger requires that Plaintiff and e-commerce managers work overtime hours without pay (instead of the hourly employees) to save on overtime costs, because Kroger does not

pay overtime wages to Plaintiff and other e-commerce managers and classifies them as exempt from overtime pay.

56. Plaintiff and the Similarly Situated Workers remain uncompensated for the wages and other damages owed by Kroger under federal law.

**COLLECTIVE ACTION ALLEGATIONS**

57. Numerous individuals were victimized by Kroger's patterns, practices, and policies, which are in willful violation of the FLSA.

58. Based on her experience and tenure with Kroger, Plaintiff is aware that Kroger's illegal practices were imposed on the Washington Collective.

59. Kroger knew that Plaintiff and its other e-commerce managers were not involved in hiring/firing employees and thus could not be exempt under federal or state law.

60. The Washington Collective members (i.e., e-commerce managers) worked more than 40 hours per week in one or more workweeks.

61. The Washington Collective members (i.e., e-commerce managers) were not paid overtime premiums for hours worked in excess of 40 per week.

62. The Washington Collective members (i.e., e-commerce managers) were not paid overtime premiums in weeks that they worked in excess of 40 hours.

63. These employees are victims of Kroger's unlawful compensation practices and are similarly situated to Plaintiff in terms of the pay provisions and employment practices at issue regarding the Washington Collective.

64. The workers in the Washington Collective were similarly situated within the meaning of the FLSA.

65. Each member of the Washington Collective is an e-commerce manager with similar job duties and who was paid a salary with no overtime compensation.

66. Kroger's failure to pay overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies, and practices, which are not dependent on the personal circumstances of the Washington Collective members.

67. The Washington Collective should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

## WASHINGTON CLASS ACTION ALLEGATIONS

68. The putative Washington Class members identified above are so numerous that joinder of all members is impracticable.

69. Although the precise number of such persons is not known to Plaintiff, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

70. Upon information and belief, the size of the putative Washington Class is at least 100 workers.

71. Defendants acted or refused to act on grounds generally applicable to the putative Washington Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the putative Washington Class as a whole.

72. There are questions of law and fact common to the putative Washington Class that predominate over any questions solely affecting individual members of the putative Washington Class, including but not limited to:

a. whether Defendants properly classified Plaintiff and the Putative Washington Class members as exempt;

b. whether Plaintiff and the putative Washington Class members worked in excess of forty hours per week;

c. what proof of hours worked is sufficient where an employer fails to maintain time records;

d. whether Defendants failed or refused to pay Plaintiff and the putative Washington Class members overtime pay;

the nature and extent of the Class-wide injury and the appropriate measure of damages for the putative Washington class.

73. Plaintiff's claims are typical of the claims of the putative Washington Class sought to be represented.

74. Plaintiff and the putative Washington Class members work or have worked for Defendants and have been subjected to their policy and pattern or practice of misclassifying them as exempt thereby failing to pay all wages due, including overtime wages for all hours worked in excess of 40 hours per workweek.

75. Defendants acted and/or refused to act on grounds generally applicable to Plaintiff and putative Washington Class members, thereby making injunctive and/or declaratory relief with respect to the putative Washington Class appropriate.

76. Plaintiff will fairly and adequately represent and protect the interests of the putative Washington Class.

77. Plaintiff understands that, as a class representative, one assumes a fiduciary responsibility to the putative Washington Class to represent its interests fairly and adequately.

78. Plaintiff recognizes that as a class representative, one must represent and consider the interests of the putative Washington Class just as one would represent and consider one's own interests.

79. Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, one must not favor one's own interests over those of the putative Washington Class.

80. Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the putative Washington Class.

81. Plaintiff understands that in order to provide adequate representation, one must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in one's possession, and testify, if required, in a deposition and in trial.

82. Plaintiff has retained Morgan & Morgan, P.A. and Shavitz Law Group, P.A., which are law firms who are competent and experienced in complex class action employment litigation.

83. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

84. The members of the putative Washington Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the putative Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.

85. Class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

**FIRST CAUSE OF ACTION – VIOLATIONS OF THE FLSA**

86. Plaintiff incorporates all other allegations.

87. By failing to pay Plaintiff and the Washington Collective members overtime premiums for overtime hours worked, Kroger violated the FLSA. 29 U.S.C. §207.

88. Kroger owes Plaintiff and the Washington Collective members overtime for all hours worked in excess of 40 in a workweek, at a rate of at least 1.5 times their regular rates of pay.

89. Kroger knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay the Washington Collective members overtime compensation.

90. Because Kroger knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Kroger owes these wages for at least the past three years.

91. Kroger's failure to pay overtime compensation to these Washington Collective members was neither reasonable, nor was the decision not to pay overtime made in good faith.

92. Because Kroger's decision not to pay overtime was not made in good faith, Kroger also owes Plaintiff and the Washington Collective members an amount equal to the unpaid overtime wages as liquidated damages.

93. Accordingly, Plaintiff and the Washington Collective members are entitled to their full unpaid wages under the FLSA, including overtime pay in an amount equal to 1.5x their regular rates of pay, plus liquidated damages, attorney's fees, and costs.

**SECOND CAUSE OF ACTION – VIOLATIONS OF WASHINGTON LAW**

94. Plaintiff incorporates all other allegations.

95. At all times relevant, Plaintiff and the Washington Class were employees and Defendants was their employer within the meaning of the WMWA. RCW Ch. 49.46, *et seq*.; RCW 49.46.010; RCW 49.46.130.

96. Plaintiff and the Washington Class are covered by WMWA. RCW 49.46.010.

97. Defendants misclassified Plaintiff and the Washington Class as exempt from overtime.

98. Defendants failed to keep, make, preserve, maintain and furnish accurate records of overtime worked by Plaintiff and the Washington Class. RCW 49.46.070.

99. Defendants failed to pay Plaintiff and the Washington Class the overtime wages to which they are entitled under Washington Law. RCW 49.46.130.

100. Defendants have a policy and/or practice of misclassifying its e-commerce managers as exempt thereby refusing to pay overtime compensation for all hours worked to Plaintiff and the Washington Class.

101. Defendants lacked a good faith basis to believe its failure to pay Plaintiff and the Washington Class for all overtime wages worked complied with the Washington law.

102. Due to Defendants' violations of Washington law, Plaintiff and the Washington Class are entitled to recover from Defendants their unpaid wages, statutory and other damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest. RCW 49.46.090; RCW 49.48.030.

**THIRD CAUSE OF ACTION – VIOLATIONS OF WASHINGTON REST BREAK LAWS**

103. Plaintiff incorporates all other allegations.

104. Defendants violated WMWA, RCW 49.46, Wage Rebate Act ("WRA"), RCW 49.52, and Industrial Welfare Act ("IWA"), RCW 49.12 and WAC 296-126-092 by not complying with Washington's rest break laws for Plaintiff and the Washington Class.

105. The WMWA, RCW 49.46, WRA, RCW 49.52, IWA, RCW 49.12, and WAC 296-126-092 apply to Plaintiff, the Washington Class, and Defendants.

106. Plaintiff is a covered employee and Defendants are covered employers under the WMWA, RCW 49.46, WRA, RCW 49.52, IWA, RCW 49.12, and WAC 296-126-092.

107. Defendants failed to provide timely, full rest breaks to Plaintiff and the Washington Class during shifts they worked 4 hours or more in violation of the IWA and the implementing regulations of the WMWA.

108. Defendants failed to inquire into whether Plaintiff and the Washington Class received rest breaks.

109. Defendants failed to ensure that Plaintiff and the Washington Class received rest breaks.

110. Defendants failed to provide Plaintiff and the Washington Class a rest period free from work and exertion.

111. Defendants failed to pay Plaintiff and the Washington Class for work performed during such time which should have been rest breaks.

112. Defendants' refusal to provide timely, full, and meaningful rest periods violates the IWA and constitutes willful violations of Washington law and willful withholding of wages under the Wage Rebate Act, RCW 49.52.050 & .070.

113. As a result of Defendants' acts and omissions, Plaintiff and the Washington Class have been damaged in amounts as will be proven at trial, including damages, exemplary damages, penalties, statutory and other damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**FOURTH CAUSE OF ACTION – WASHINGTON WAGE RECOVERY ACT**

114. Plaintiff incorporates all other allegations.

115. Plaintiff and the Washington Class are covered employees under the Wage Recovery Act. RCW 49.52.

116. Defendants are covered employers under the Wage Recovery Act. RCW 49.52.

117. Defendants willfully failed to keep accurate records of the time that Plaintiff and the Washington Class worked.

118. Defendants willfully failed to ensure that Plaintiff and the Washington Class took rest breaks as required by Washington law.

119. Defendants willfully failed to pay Plaintiff and the Washington Class for all time worked, all overtime worked, and for missed rest breaks and work performed during such time which should have been rest breaks.

120. As a result of Defendants' actions and willful violations, Plaintiff and the Washington Class have been damaged in amounts as will be proven at trial, including exemplary damages, statutory and other damages, penalties, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**FIFTH CAUSE OF ACTION – MEAL BREAK VIOLATIONS**

121. Plaintiff incorporates all other allegations.

122. Defendants violated the WMWA, RCW 49.46, WRA, RCW 49.52, IWA, RCW 49.12, and WAC 296-126-092 by not complying with Washington's meal break laws for Plaintiff and the Washington Class.

123. The WMWA, RCW 49.46, WRA, RCW 49.52, IWA, RCW 49.12, and WAC 296-126-092 apply to Plaintiff, the Washington Class, and Defendants.

124. Plaintiff is a covered employee and Defendants are covered employers under the WMWA, RCW 49.46, WRA, RCW 49.52, IWA, RCW 49.12, and WAC 296-126-092.

125. Defendant failed to provide timely, full meal breaks to Plaintiff and the Washington Class when they worked shifts of at least 5 hours in violation of the IWA and the implementing regulations of the WMWA.

126. Defendants failed to inquire into whether Plaintiff and the Washington Class received meal breaks.

127. Defendants failed to ensure that Plaintiff and the Washington Class received meal breaks.

128. Defendants failed to provide Plaintiff and the Washington Class a meal period free from work and exertion.

129. Defendants failed to pay Plaintiff and the Washington Class statutory and/or other wages and/or damages when they performed work during such time which should have been meal breaks.

130. Even if Defendants paid Plaintiff and the Washington Class for time worked during a meal break, Defendants did/do not have a policy of compensating the Plaintiff and Washington Class for a deprivation of their right to have the respite of those meal periods in violation of Washington law including RCW 49.52.050 and .070.

131. Defendants' refusal to provide timely, full meal periods and meaningful meal periods violates the IWA and constitutes willful violations of Washington law and willful withholding of wages under the Wage Rebate Act, RCW 49.52.050 & .070.

132. As a result of Defendants' acts and omissions, Plaintiff and the Washington Class have been damaged in amounts as will be proven at trial, including damages, exemplary damages, penalties, statutory and other damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## RELIEF SOUGHT

Plaintiff prays for judgment against Kroger as follows:

a. For an order certifying a collective action for the FLSA claims and authorizing notice to all Washington Collective members which will advise them of this case and their right to join it;

b. For an order certifying the Washington Class pursuant to Fed. R. Civ. P. 23;

c. Appointment of Plaintiff as Class Representative and Plaintiff's counsel as class counsel with regard to the Washington Class;

d. For an order finding Defendants liable for violations of federal and state wage laws with respect to Plaintiff and all Washington Collective and Washington Class members covered by this case;

e. For a judgment awarding all unpaid overtime wages, liquidated damages, penalties, and all other relief available under federal and state wage laws to Plaintiff and all Washington Collective/Washington Class members covered by this case;

f. For a judgment awarding attorneys' fees to Plaintiff and Washington Collective/Washington Class members covered by this case;

g. For a judgment awarding costs of this action to Plaintiff and all Washington Collective/Washington Class members covered by this case;

h. For a judgment awarding pre- and post-judgment interest at the highest rates allowed by law to Plaintiff and all Washington Collective/Washington Class members covered by this case; and

i. For all such other and further relief as may be necessary and appropriate.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues.

Date: April 8, 2026

Respectfully submitted,

By:

***/s/ Kimberly De Arcangelis***
Kimberly De Arcangelis, Esq.
MORGAN & MORGAN, P.A.
20 N. Orange Ave., Suite 1600
Orlando, FL 32801
Tel: 407-237-2281
E-mail: KimD@forthepeople.com

*/s/ Kristopher Bonham*
Kristopher Bonham, Esq.
WSBA Bar No.: 62520
Email: kbonham@forthepeople.com
**MORGAN & MORGAN, P.A.**
506 2nd Ave Suite 1513
Seattle, Washington 98104
&
1700 Palm Beach Lakes, Suite 500
West Palm Beach, Florida 33401
Telephone: (561) 812-1547
Facsimile: (561) 812-1571
*Local Counsel for Plaintiffs*

Gregg I. Shavitz*
SHAVITZ LAW GROUP, P.A.
622 Banyan Trail, Suite 200
Boca Raton, Florida 33431
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
Email: gshavitz@shavitzlaw.com

Michael Palitz*
SHAVITZ LAW GROUP, P.A.
477 Madison Avenue, 6th Floor
New York, NY 10022
Telephone: (800) 616-4000
Facsimile: (561) 447-8831Email:
mpalitz@shavitzlaw.com

C. Ryan Morgan (pro hac vice forthcoming)
MORGAN & MORGAN, P.A.
20 N. Orange Ave., Suite 1600
Orlando, FL 32801
Tel: 407-418-2069
E-mail: RMorgan@forthepeople.com

Andrew R. Frisch (pro hac vice forthcoming)
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324

Tel: 954-WORKERS
E-mail: AFrisch@forthepeople.com

*admitted *pro hac vice*

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of April, 2026, the foregoing was furnished to the Clerk of the Court via the CM/ECF System, which I understand will send electronic notice to all counsel of record.

***/s/ Kimberly De Arcangelis***
Kimberly De Arcangelis, Esq.